SMITH *v.* STATE.*

(Division A. Nov. 1, 1926.    Suggestion of Error Overruled Nov. 15, 1926.)

[110 So. 119.    No. 25799.]

1. CRIMINAL LAW.
   Assignment, based on objectionable remark of prosecuting attorney, objection to which was sustained, with instruction to disregard, *held* to present no reversible error.

2. CRIMINAL LAW. *Discretion of court in refusing to permit testimony by witness who had disregarded rule under which witnesses were put, held not abused, where testimony would be only cumulative.*
   Discretion of court in refusing permission to testify to witness who had disregarded the rule when all witnesses were excluded from courtroom *held* not abused, so as to constitute reversible error, where proposed testimony was merely cumulative.

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 844, n. 44; p. 917, n. 67.

APPEAL from circuit court of Leflore county.
HON. S. F. DAVIS, Judge.
Robert Smith was convicted of murder, and appeals. Affirmed.

*Alfred Stoner,* for appellant.

I.   The court should interfere *"sue sponte"* when the prosecuting attorney injects unsworn testimony. *Martin* v. *State,* 63 Miss. 505.   Improper assumptions relative to the testimony is sufficient for reversal. *Hill* v. *State,* 118 Miss. 170, 79 So. 98.

Our court has held that the making of prejudicial statements having no foundation in the testimony is ground for reversal. *Sykes* v. *State,* 42 So. 875.   Side

remarks of the district attorney that witness would not have sworn to a paper admitted in evidence as an affidavit are prejudicial. *Lee* v. *State,* 23 So. 628.

Was it right for the prosecuting attorney to so comment on the witness, to wax into great anger, to invoke the name of God and say in the hearing of the jury that "that negro made one of the best witnesses before the grand jury that I ever saw," on account of the negro's failure to make the fine distinction between "he did not do anything" and "I did not see him do anything?" and thus make a negative witness one extremely favorable. Naturally, the jurors thought that a great cess pool of dishonesty had been discovered in the state's own witness. This conduct on the part of the prosecuting attorney was objected to and the objection overruled. We submit that the court was clearly in error.

II. We submit further that the court abused its discretion in refusing to allow the witness Mr. DeLoach, to testify although he had not been under the rule during the trial. Mr. DeLoach had heard the testimony of Albert Jones, the chief witness for the state, at the preliminary trial. It was proposed to prove by Mr. DeLoach that Albert Jones testified at the preliminary trial that the defendant shot at the witness, Albert Jones, missed him and killed his brother, Jesse; whereas, he testified before the jury that the defendant was shooting at Jesse. Mr. DeLoach was not a witness to the homicide, and could not possibly have gained any advantage by hearing the witnesses testify. It could not be anticipated that the witness, Albert Jones, would entirely change his testimony and the defendant was necessarily surprised by it. The situation, insofar as the state was concerned, would have been the same whether Mr. DeLoach heard the other witnesses or not. A murder trial being a matter of life or death peculiar circumstances

ought always to be considered. *Thomas* v. *State*, 60 So. 781.

*Rufus Creekmore*, Assistant Attorney-General, for the state.

I. The first objection made by counsel is to the conduct of the prosecuting attorney. The main objection which he raises on this point is that the county attorney, after examination of witness Booker, made the statement in the presence of the jury that "That negro made one of the best witnesses before the grand jury I ever saw." This is found in the special bill of exceptions found in the record. When this statement was made by the district attorney, counsel objected and his objections were sustained by the court.

All of the cases cited by counsel are those where the court refused to sustain the objection which was made by counsel or refused to sustain the objection which was made by counsel or in which the court neglected or refused to instruct the jury to disregard such statements. There is only one case cited by him in his brief in which the objection made by counsel was sustained and the jury instructed to disregard the statements made by the district attorney. This case is the *Gurley case*, reported in 101 Miss. 190, and in that case the decision was based on the provisions of our statute which condemn comment by the district attorney or county prosecuting attorney on the failure of the accused to take the stand and testify in his own behalf. This case, therefore, is not authority on the proposition here involved.

According to the view which I take of this statement made by counsel, it was not prejudicial to the jury and it would not have been reversible error for the court to have overruled the objection of counsel and refused to instruct the jury to disregard such statement. There have been numerous cases decided by our supreme court

on this point holding that statements made by the district attorney or county prosecuting attorney even though they may be erroneous statements or statements of fact outside the record, yet they are not so prejudicial as to cause a reversal of the case for that alone. *Cavanah* v. *State,* 56 Miss. 200; *Shows* v. *State,* 103 Miss. 640, 60 So. 726; *Hughey* v. *State,* 106 So. 361. See also *Bryant* v. *State,* 33 So. 225; *Jackson* v. *State,* 94 Miss. 83, 47 So. 502.

The case, however, which on its facts, is more nearly in point than any of the other reported cases is that of *Cotton* v. *State,* 100 So. 383. So we see that in the case at bar the court did all that he was required to do under the circumstances.

II. The action of the court in refusing to permit Mr. DeLoach to testify was within its sound discretion. It is the well-settled rule in this state that where the rule has been invoked by either party, it is in the sound discretion of the trial judge as to whether or not he shall permit a witness who disregarded the rule to then take the stand and testify. *Taylor* v. *State,* 30 So. 657; *Thomas* v. *State,* 103 Miss. 800, 60 So. 781.

In this case the defense introduced the justice of the peace before whom the preliminary hearing was had and he testified to the same facts which the witness DeLoach would have testified to had he been permitted to take the stand. Under these circumstances certainly it cannot be argued that the trial judge abused his discretion in refusing to permit Mr. DeLoach to take the stand and testify. For this reason, we respectfully submit that no error was committed by the court in this respect.

COOK, J., delivered the opinion of the court.

The appellant, Robert Smith, was convicted in the circuit court of Leflore county on a charge of murder, and,

from a sentence of life imprisonment in the state penitentiary, he prosecutes this appeal.

The testimony offered on behalf of the state, if believed, makes out a clear case of murder, while there was testimony on behalf of the appellant from which the jury would have been warranted in finding that he was acting in self-defense at the time he fired the fatal shot. The cause was submitted to the jury under elaborate instructions which accurately stated the law applicable to the facts in evidence, and no complaint is made of the instructions or as to the sufficiency of the evidence to support the verdict.

The appellant argues but three assignments of error. The first one is based upon certain conduct and language of the county prosecuting attorney in the presence and hearing of the jury. In each instance, however, the objection of the appellant was sustained, and the court instructed the jury to disregard the objectionable remark of the attorney, and there is nothing in this assignment which presents reversible error.

The next assignment is based upon the admission of a conversation between the deceased and his brother just a few moments after the shooting. The record fails to disclose any such conversation that could have, in any way, prejudiced the rights of the defendant.

The last assignment of error is based upon the refusal of the court to permit a certain witness for the defendant to testify in contradiction of the testimony of one of the state witnesses. The record discloses that the rule was invoked by the state at the beginning of the trial and all the witnesses were excluded from the courtroom. Upon the statement of counsel for the defendant that this witness would be used only as a character witness, counsel for the state agreed that he might remain in the courtroom. The witness was present in the court-room during the entire progress of the trial, sitting beside counsel, and assisting and advising in the defense of the de-

fendant. · After he had testified as a character witness, he offered to testify that the testimony of one of the state witnesses was materially different from that given by him at the preliminary trial in the justice court. An objection was interposed to this testimony on the ground that the rule had been waived as to this witness upon the distinct understanding that he would be used only as a character witness, and this objection was sustained.

Where the witnesses have been excluded from the courtroom at the instance of either party, it is in the discretion of the trial judge as to whether or not he will permit a witness who disregarded the rule to testify, and, unless there has been a manifest abuse of this discretion, a refusal to permit such a witness to testify is not reversible error. In the case at bar the proposed testimony of the witness who was excluded was merely cumulative, and we do not think there was any abuse of discretion in refusing to permit the testimony.

The judgment of the court below will therefore be affirmed.

*Affirmed.*